### COMMONWEALTH *vs.* LUCIEN AYER.

The common law, relating to the crime of forgery, is not superseded by the Rev Sts. *c.* 127; but any forgery, which is not enumerated in that chapter, is still indictable at common law.

The false making of an acceptance of a conditional order for the delivery of goods is forgery at common law.

THE defendant was indicted in the municipal court, for forging an acceptance of an order drawn by himself for the delivery of goods. The order was as follows : —

"Boston, January 7, 1848. Mr. Robinson : Please pay Mr. Muleg or bearer forty-five dollars in goods when he shall have finished painting and glazing the house he is doing for me. Lucien Ayer."

The acceptance alleged to be forged was written upon the back of the order, as follows : —

" I accept to pay the within order as stated. Geo. W. Robinson."

On his arraignment, the defendant demurred to the indictment, alleging for cause, that " the crime of forgery is now only a statute offence in this commonwealth, and the statute having enumerated the several kinds of writings which may be the subject of forgery, and the acceptance of a written order payable in goods not being mentioned in the statute, no offence known to the laws of this commonwealth is set forth in said indictment."

The attorney for the commonwealth joined in demurrer ; and the same being overruled by the presiding judge, (*Perkins*, J.,) the defendant alleged exceptions.

The case was argued in writing by *Geo. W. Cooley*, for the defendant, and *S. D. Parker*, (county attorney,) for the commonwealth.

FLETCHER, J. This is an indictment charging the defendant with the crime of forgery. The writing alleged to be forged was an acceptance of a conditional order for goods. The order purported to be signed by the defendant, requesting Robinson to pay to Muleg or bearer forty-five dollars " in goods when he shall have finished painting and glazing the house he is doing for me." Upon that was written an acceptance as follows : " I accept to pay the within order as stated. Geo. W. Robinson."

The simple question is, whether the common law relating to the crime of forgery is superseded by the revised statutes, so that the present indictment cannot be maintained upon the common law.

It is a well settled and familiar principle, that a statute is impliedly repealed by a subsequent one revising the whole

subject matter of the first. *Bartlet* v. *King*, 12 Mass. 536, 545. So, also, the common law upon a particular subject is superseded by a statute revising that whole subject. The leading case upon this subject, in our reports, is that of the *Comm'th* v. *Cooley*, 10 Pick. 37. The principle is, that a statute revising the whole subject of a former statute is considered and taken as a substitute for the former statute, and so a statute revising the whole subject matter of the common law, upon a particular subject, is taken as a substitute for the common law on that subject, and the common law is thereby superseded.

The ground taken for the defence in this case is, that the revised statutes revise the whole subject of forgery, and that consequently the common law upon that subject is superseded, and of course has ceased to have any force. But, upon looking at the statute, it is quite manifest, that it by no means revises the whole subject of forgery, but merely prescribes the punishment for certain enumerated cases of forgery. There are no general terms in the statute, and this very case, which is admitted not to be within it, shows that the whole subject is not revised by or embraced within the statutes.

Forgery, at common law, is defined to be "a false making, a making *malo animo*, of any written instrument, for the purpose of fraud and deceit." The statute very clearly does not revise the whole subject as embraced within this definition, and cannot therefore upon any principle be taken as a substitute for the common law ; nor can the common law be regarded as wholly superseded by the statute. The common law could be superseded only by a statute as broad and comprehensive in its terms as the definition of the offence.

The English statutes upon the subject of forgery, so far back as the time of Blackstone, were spoken of as so multiplied as to have become general ; and still the common law is in full force in England, and is applied to cases not provided for by any statute. As recently as last year, in the case of *Regina* v. *Boult*, 2 Car. & Kirw. 604, a forgery of a railway pass was held to be a forgery at common law.

Commonwealth *v*. Ayer.

The object of the statute was to prescribe a punishment different from that provided by the common law, leaving all cases not enumerated in the statute to the action of the common law. This seems manifestly the wisest and best course. From the new interests and associations which arise in the progress of society, new cases occur which cannot be provided for by statute, and which are therefore left to the operation of the common law. The case of the railway pass, in England, to which I have referred, is an instance. The society of Odd Fellows in this commonwealth has regulations by which a member in sickness is entitled to a weekly allowance of money, upon producing a certificate of a physician. A case recently occurred of a forgery of such a certificate of a physician. This is a case, which could not be expected to be embraced in any specification contained in a statute, but must be left to the common law. In the state of Maine, forgery is indictable at common law, though the statute of the state upon the subject contains quite as full an enumeration of forgeries as is embraced in our revised statutes. *State* v. *Ames*, 2 Greenl. R. 365.

It is further contended, on the part of the defendant, that if forgery be indictable at common law, yet that the making of the paper in this case is not forgery. This proposition is maintained on the ground, that the expression, "a writing," in the definition of forgery at common law, as given by Blackstone, does not mean "any writing." The authorities against this proposition are quite too old, too numerous, and too decisive, to leave any thir~ open for discussion. The definition, which I have copied from Russell on Crimes, has the very expression, "any written instrument."

There is one other suggestion, on the part of the defendant, to wit, that an acceptance of an order for the delivery of goods would not be binding on the acceptor, by force of the law merchant, nor has it any force by the common law, so that the making of such acceptance, for that reason, is not a forgery. But there can be no doubt, that an acceptance of an order to deliver goods, as well as any other obligation to

deliver goods, is a binding contract, and as such may be the subject of forgery.

The conclusion is, that the offence charged is an indictable offence at common law, and subjects the party to punishment by fine and imprisonment; the corporal punishment being in this commonwealth abolished.

The exceptions are overruled, and the case remanded to the municipal court for further proceedings, at the request of the attorney for the commonwealth, who consents that the defendant shall be tried in that court on the facts.